# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH M. CAMPBELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:05-CV-775 CAS |
| ST. LOUIS COUNTY, CLAYTON COUNTY, JENNINGS POLICE DEPARTMENT, UNKNOWN JONE, UNKNOWN BRADFORD and UNKNOWN O'BRIEN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. On May 13, 2005, the Court received plaintiff's motion to proceed in forma pauperis and his civil rights complaint. At the time that plaintiff submitted his motion and complaint, he was confined at the St. Louis County Justice Center. Consequently, plaintiff was a prisoner within the meaning of 28 U.S.C. § 1915(h).

On June 3, 2005, the Court issued an order directing plaintiff to submit a certified copy of his prisoner account statement as provided in 28 U.S.C. § 1915(a)(2). The Court warned plaintiff that his failure to submit a certified copy of his prisoner account statement with thirty days of the date of the order would result in the dismissal of plaintiff's case without prejudice.

Both the complaint letter created May 18, 2005, and the Court's Order of June 3, 2005, were returned as undeliverable because plaintiff had been released from confinement. On June 22, 2005, the Court sent copies of both documents to plaintiff's new address.

**Discussion**

Title 28 U.S.C. § 1915(b) provides that a prisoner bringing a civil action in forma pauperis is not excused from prepaying the required filing fee. Instead, § 1915(b) creates a payment scheme for prisoners, dictating that the prisoner make an initial partial filing fee from funds in the inmate's prison account and that the prisoner make subsequent installments based on the prisoner's monthly income. 28 U.S.C. §§ 1915(a) and 1915(b)(1), (2). If a litigant is a prisoner on the day he files his civil action, the provisions of § 1915(a)(2) and § 1915(b) apply. Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997); McGann v. Comm'r of Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996).

If a prisoner litigant is released from confinement while a case is pending before the Court, the practice in this Court has been to assess and, when funds exist, to collect the initial partial filing fee, but to allow the litigant to request in forma pauperis status for any unpaid balance of the filing fee. See McGann, 96 F.3d at 29-30.

In the case at hand, the Court is unable to assess the initial filing fee because plaintiff did not submit a certified copy of his prisoner account statement. As noted above, plaintiff was cautioned that his failure to submit a certified copy of his prisoner account statement to the Court within thirty days could result in the dismissal of his case without prejudice. Moreover, a pro se plaintiff is required to notify the Court within thirty days of any change in his address. E.D. Mo. L.R. 2.06(B). No reasons have been offered by plaintiff as to why he failed promptly to notify the Court of his change of address and why he failed to obtain his account statement from the St. Louis County Justice Center–either immediately before filing the instant action or shortly after receiving this Court's order.

Under the circumstances of this particular case, the Court believes that plaintiff's motion to proceed in forma pauperis should be denied and the instant case dismissed without prejudice because

plaintiff did not comply with the provisions of § 1915(a)(2) or the Court's prior order. Because plaintiff filed this action while he was a prisoner, the Court must assess an initial partial filing fee. The Court is unable to assess the initial partial filing fee, however, because plaintiff did not comply with the statutory requirement to submit a certified copy of his inmate account statement, nor did he comply with the Court's prior order.

The Court recognizes that plaintiff is now released from confinement. His current status, however, does not excuse his failure to comply with the provisions applicable to him while he was confined. Nor does it excuse his failure to comply with this Court's prior order and the Court's Local Rules. Because the dismissal is without prejudice, plaintiff may re-file his civil action–either paying the full filing fee or seeking leave to proceed in forma pauperis under the provisions applicable to his status at the time of filing.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED** for failing to comply with the prisoner provisions of 28 U.S.C. § 1915(a)(2) and with this Court's prior order. [Doc. 1]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED**, without prejudice, for failing to comply with the prisoner provisions of 28 U.S.C. § 1915(a)(2) and with this Court's prior order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of July, 2005.